

FILED
U.S. DIST. COURT
SAVANNAH DIV

APR 17   10 03 AM '00

CLERK
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**

**FOR THE**

**SOUTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| KEITH G. COLEMAN<br>    Petitioner/Movant | )<br>)<br>)<br>) |
| | )<br>) |
| -VS- | )   Case No. CV 400-054<br>)           CR 497-181-01<br>) |
| | )<br>) |
| UNITED STATES OF AMERICA<br>    Plaintiff | )<br>)<br>) |

**TRAVERSE RESPONSE**

**TO THE**

**GOVERNMENT'S OPPOSITION**

**Comes** now petitioner KEITH G. COLEMAN, filing pro se, and propria persona, submitting to this Honorable Court, this action in response to the government's opposition of petitioner's 2255 Habeas Corpus.

**JURISDICTION**

This..... Court has jurisdiction to entertain this motion under Title 28 U.S.C. 2255. The movant hereby, herein fully appears.

(1)

**STATEMENT OF FACTS**

On Feb. 20, 2000, petitioner file a Title 28 U.S.C. 2255 challen-
ging the **Imposition** of the sentence, stating that he was held account-
able for a charge not stated to the Grand Jury, that is; Title 21 U.S.
C. 841(1)(a) and further stated that the charge of " Conspiracy to
aid and abet the distribution of controlled substance " Title 21 U.S.
C. 846 and " Conspiracy to attempt to aid and abet the distribution
of controlled substance " Title 21 U.S.C. 846 is an unstated offense,
minus the act of the underlying offense. Because the charge declares
an agreement to assist in an underlying offense, that did not occur.

Among petitioner's arguement, the government never stated the ele-
ments of Title 21 U.S.C 841(1)(a) to the Grand Jury. And petioner was
convicted under Title 21 U.S.C. 846, as charged, but never charged or
convicted under the substantive offense, but penalized for such.

It is evident that the Grand Jury never was aware of the uncharged
substantive offense. The petitioner contends the indictment is struct-
urally defected and constructively amended. Therefore the convicting
court **lack jurisdiction to impose penalties.**

The government filed oppositions to the petitioner's claim on
Mar. 30th , 2000 in attempt to substantiate its contentions, defendant
respectfully files this traverse response to add clarity, to what
is an apparent " mischaracterization " of the petitioner's claim by
the government, to this Honorable Court.

(2)

1  Petitioner response to the government's opposition of the habeas

2  corpus claim, thus respectfully exhibits an actual showing, of merit

3  and violation of substantial rights of the accused. The petioner like-

4  wise contends the government " mischaracterizes " his claim, and att-

5  empts to clarify such, as the government is in error.

6      **Refering to the record; (Government's response/opposition)**

7  PG. 3 Sect I, <u>Coleman is procedurally barred</u>;

8    The government states:

9    " Coleman in free-ranging attack on his conviction, raises several
   issues in his 2255 petition, all of which was raised on appeal and
10  decided adversely to him."

11

12   And further states on pg. 4 paragraph 2 ;

13  " Base on the applicable procedural bar, this court should dismiss
   Coleman's 2255 "
14

15   However, the government has erred in that assumption, in respect-

16  fully clarifying the issue, the petitioner does not challenge the

17  personal jurisdiction of the United States, or the exclusive jurisd-

18  iction of the Federal Court, but rather the jurisdiction or authority

19  to impose a penalty on a uncharged and unstated offense, where no

20  crime has occurred, regardless of location.

21   This issue was not rasied on appeal, and likewise res judicata is

22  inapplicable to habeas, and transfered to successive petitions, see,

23  <u>Gorden, The Unruly Writ of Habeas Corpus</u>, 26 Mordern L. Rev. 520, 523

24  (1963), Also see,<u>Sanders v. United States</u>, 373 US 1,16, (1963) holding

25  that; Doubts about whether two grounds are the same or not of course

26  " must be resolved in favor of the applicant." And if the matter was

27  in the former action,if it is not shown that the verdict and judgement

28                    (3)

1   necessarily involved its consideration and determination the issue
2   is not concluded, United States v. Halbrook, 36 F. Supp. 345(E.D.MO.
3   1941).

4       Sect. II, Coleman claims are without merit:

5       As stated in this section, the claim is " mistaking " by the gover-
6   nment, the petitioner does not challenge the government's alleged vest-
7   ed jurisdiction by Congress, but its authority to penalize an uncharged
8   offense.

9       As to sect. (B) PG 5   The charges contained in the indictment are
10  valid, The government states;

11      " Coleman attacks the charges he was convicted of,claiming that the
12  aiding and abetting theory is inapplicable in the defendant's case. He
    also claims that the charges do not qualify as " substantive offense"
13  as relevant case law shows, Coleman is incorrect in his assertions.

14

15      The goverment goes on to state;
16  " The appearance of a provision in the current edition of the United
    States Code is " prima facie " evidence that the provision has the
17  force of law, U.S. Nat. Bank of Oregon v. Independant Ins. Agents of
18  America, Inc. 503 US 439, 448.

19      However, the essence of this case cited by the government defeats
20  the governments contentions, and substantiates the petitioners position
21  as stated in this same law report,cited by the government, the Supreme
22  Court held that; " Over and over we have stressed that in expounding
23  a statute, we must not be guided by a single sentence or a member of a
24  sentence, but look at the provisions of the whole law, and to its ob-
25  ject and policy " United States v. Heirs of Boisdore 8 How 113, 122, 12
26  L.ED 1009(1849) (quoted in more than a dozen cases) most recently in
27  Dole v. Steelworkers 494 US 26,35,108 L.ED. 2d 23,110 S.CT. 929(1990),

28                                  (4)

1   see, also <u>King v. Vincent Hospital, 502 US 116 L.ED. 2d 578, 112 S.CT.</u>
2   <u>570(1991)</u>, statutory construction " is holistic endeavor " <u>United Sav-</u>
3   <u>ing Assn. of Texas v. Timbers of Inwood Forest Assoc. Ltd. 484 US 365,</u>
4   <u>371, 98 L.ed. 2d 740, 108 S.CT. 626(1988)</u> and at a minimum, must acc-
5   ount for a statutes full text, language as well as punctuation, struct-
6   ure, and subject matter. Petitioner refers to the(Grand Jury Transcript
7   pg 3 line 23-25 and pg. 4 line 1-4)(quoting the government);

8   " The first charge is conversation, 21 U.S.C 846, and that is Con-
9   spiracy to aid and abet the distribution of cocaine. And the other re-
    maining counts are all 21 U.S.C. 846, attempt to aid and abet the dis-
10  tribution of cocaine."

11  The government never stated any elements of Title 21 U.S.C. 841(1)
12  (a) to the Grand Jury. Neither was the petitioner convicted of Title
13  21 U.S.C. 841(1)(a), but sentence under that statutory provision. It is
14  well settled, " <u>Conspiracy</u> " may be the sole object of a prosecution,
15  or it may be joined in a separate count, with the prosecution of a sub-
16  stantive offense that is the object of the conspiracy. The prosecution
17  is not obliged, though, to prosecute for criminal conspiracy instead
18  of prosecuting the conspirators for the crime that is the object of the
19  conspiracy, <u>State v. Ferguson, 221 SC 300, 70 S.E. 3d 355(1952)</u> cert.
20  denied. 344 US 830, 73 S.CT. 97 L.ED. 646 (1952), also see <u>O'Neil v.</u>
21  <u>State, 237 Wis. 391, 296 N.W. 96, 135 ALR 719(1941)</u>.

22  A defendant may not be convicted on the basis of facts not found
23  by, and perhaps not even presented to, the Grand Jury which indicted
24  him " Russell, 369 US at 700. Finally, the indictment secures the Fifth
25  Amendment guarantee " that the accused is to be tried only on such
26  charges as a Grand Jury has returned," United States v. Bradford 482
27  A2d 430, 433-33 (D.C. 1984) (Citing Russells 369 US at 771). Thus, even

28                          (5)

1   if it provides adaquate notice, an indictment is defective unless the
2   Grand Jury agreed on all the facts constituting each essential element,
3   as quoted in **Russells.**

4       The charges are likewise **invalid** because the indictment is struct-
5   urally defective, and not cured by jury instruction. As stated in the
6   habeas pg 10 line 16 and pg 17 line 12,13, **Conspiracy, Attempt, Aiding**
7   **and Abetting.** Reasoning, the scope of the conspiracy is determine by
8   the agreement between the persons involved,defendants agreeing with
9   the government agent, to assist him in an allege illegal act. Which
10  this court clearly stated cannot occur.

11      Since the agreement is seldom visible, inference must be made acco-
12  rding to the stake of the persons in the venture and the relations of
13  the parties to the activities. In this account there is a substantial
14  overlap between the parties involved in each action, and the separate
15  objectives each are consistant with and support the overall objective.

16      Thus each person had a similar stake in the success of the alleged
17  objective. Therefore the appropriate inference is that one agreement
18  was made.Thus the petitioner would be an alleged **co-conspirator** with
19  the government agents,  thus this conviction would be to disregard this
20  court's jury instructions precluding an agreement with the government.

21      For if the accused cannot conspire with the government agent, then
22  most certainly, petitioner cannot assist(aid and abet) that same agent
23  in an agreement that's precluded. Surely as these charges does not app-
24  ly separately, Neither can they apply cumulatively, petitioner cannot
25  conspire to aid and abet a government agent, stated another way, to
26  agree to assist the government agent in the object of the offense, the
27  same agreement that this court precluded.

28                          (6)

1    Moreover the indictment is structurally defected, alleging triple

2    predictcates for the same unstated substantive offense; **18 U.S.C. 2**

3    " whoever commits an offense against the United States or aids,

4        abets, counsels, command, induces or procures its commission
         is punishable as a principal.

5

6    Now Title **21 U.S.C. 846** defines;

7    " That any person who attempts or conspires to commit any offense

8        defined in this subchapter shall be subject to the same penalties
         as those prescribed for the object of the offense, the commission

9        of which was the object of the attempt or conspiracy.

10

11   Now Title 21 U.S.C. 846 establishes an offense against the United

12   States and Title 18 U.S.C. 2 punishes the same offense as a principal,

13   for 18 U.S.C. 2 does not contain its own schedule of punishment or

14   creates a new crime,but rather makes the aider and abettor punishable

15   as a principal for the offense that was allegelly aided and abetted,

16   that is punishment imposed under the statute creating the offense,

17   and no other statute.

18   Furthermore when an accomplice's action is part of the definition

19   of the offense, as stated in Title 21 U.S.C. 846, he is not an aider

20   or abettor but a co-conspirator, see United States v. Southward, 700

21   F2d, 1, 20(1st Cir. 1983). A prosecutor need not choose whichever

22   statute is most favorable to the accused, United States v. Batchelder

23   442 US 114, 99 S.CT. 2198, 60 L.ED. 29, 775 (1979). But prosecutor

24   must find a statute that is applicable and the interplay among provi-

25   sions help the defendant and the court to know the statute's domain.

26   See United Saving Assn. of Texas v. Timbers of Inwood Forest Assoc.

27   Ltd. 484 US 365,371 98 L.ED. 2d 740, 108 S.CT. 626 (1988)"statutory

28                                    (7)

construction", the fact that the sentences are current does not reli-
eve the court's obligation to scrutinize each count upon which the
defendant was convicted , <u>United States v. De Bright 730 F2d 1255</u>
<u>(9th Cir. 1984)(En Banc)</u> because the jury cannot ascertain whether
the conviction is base on Conspiracy, Attempt or Aiding and Abetting.

This is why the charges are foreign to the USSG and cannot apply
to its procedures, but rather affirms the petitioners position, that
the stated charges are inapplicable to the USSG. Stated another way,
aidind and abetting is not a separate charge offense, but it is an
alternative charge in every indictment, whether explicit or implicit
see <u>U.S. V. Neal 951 F2d 630,633(5th Cir 1992)</u>, and provides means
of convicting someone of the substantive offense,<u>U.S. v. Gordon 812</u>
<u>F2d at 968</u>.

For such a charge to conform to the USSG, the accuse would have to
be sentence, twice for each count,the underlying offense defined in
the conspiracy, and the punishment as the principal in the aiding and
abetting statute. The government must choose.

**As to pg 5 Sect 1 <u>Attempt to Aid and Abet</u>**

The government states;

" In answering the defendant's challenge as to the validity of
the charge in that case, the court stated(D.C. Cir.) that "
this circuit and other circuits have routinely affirmed charges
of aidind and abetting an attempt Id. <u>U.S. v. Washington 106</u>
<u>F3d 983 (D.C. Cir)</u>.

The case cited by the government is clearly distinguishable from
that of the petitioner's case. The charges are different, there is
a substantive offense charged. And aiding and abetting an attempt is
not equivalent to conspiracy to attempt to aid and abet and offense.

(8)



1    Unlike D.C. petitioner's charges of aiding and abetting was stipul-
2    ated as an element of the " conspiracy " or " agreement " and complet-
3    eness in this case. Thus distribution of controlled substance becomes
4    the necessary included offense of the charge, that is; Conspiracy to
5    aid and abet the distribution of controlled substance. Otherwise, the
6    offense is unstated, void of the essential element, " the substantive
7    offense," which is a fatal defect in the charged offense, see U.S. v.
8    Superior Suppy Inc. 982 F2d 173. The defendant in Washington was char-
9    ged with conspiracy, attempt possession of cocaine with intent to dis-
10   tribute, 21 U.S.C. 846 and 21 U.S.C 841 (1)(a). Unlike petitioner cha-
11   rges by the Grand Jury, D.C. case is not controlling.

12   But this circuit (11th Cir.) has constantly held; the standard test
13   for determining guilt by aiding and abetting is to determined whether
14   a substantive offense was committed by someone, whether there was an
15   act by the defendant which contributed to and furthered the offense,
16   and whether the defendant intended to aid its commission,U.S. v. Jones
17   913 F2d 1552, 1558(11th Cir. 1990), U.S. v. Kelly 888 F2d 732 (11th
18   Cir. 1989)

19   The government must demonstrate beyond reasonable doubt(1) that
20   the petitioner willfully associated himself with criminal venture and
21   willfully participated, as it were something he wish to bring about.
22   (2) that each element of the offense that petitioner is accused of
23   aiding and abetting was committed by some other person. U.S. v. Parekh
24   926 F2d at 407, because the charge is an agreement to assist in an un-
25   lawful act of distributing controlled substance.

26   The allegation of the charging instrument skips a vital step, the
27   acts that constitutes the aid and abetting, which are not illegal

28

(9)

1   unless   they actually do further the distribution of controlled sub-
2   stance. Thus a conspiracy to commit these acts is not illegal unless
3   the acts would further the actual on going distribution of controlled
4   substance. Because the illegal act to which defendant have allegelly
5   conspired, the " unlawful object of the conspiracy " is " aiding and
6   abetting " the distibution of controlled substance." see also Direct
7   Sales v. United States, 319 U.S. 703, 63 S.CT. 1265, 87 L.ED. 1674
8   (1943).

9      Yet no distribution occurred in this instant case, or any crime,
10   (see P.S.I. PG.5 Sect.4 ) Also indictment for aiding and abetting in
11   acts not constituting crime does not charge offense Manning v. Biddle
12   CC. A. Kan. 1926 14 F2d 518.

13   The government failed to cure the defect of how to combine the crime
14   of an alleged conspiracy, which does not require proof of the underl-
15   ying substantive offense, with aiding and abetting offense, which does
16   not exist without one. For if the charge were merely " conspiring to
17   distribute controlled substance, the government would have to only
18   prove an agreement between defendants and distributors. Had the the
19   defendant been charged with " aiding and abetting " the distribution
20   of controlled substance,   the government would not have to prove an
21   agreement between defendants and distributors, but would have to prove
22   that defendants knew their was actual distribution, or intended distr-
23   ibution, and intended to assist in the unlawful act.

24      But in conspiracy to aid and abet the distribution of controlled
25   substance, distribution is the inescapable necessary included offense,
26   to be the unlawful agreement of the crime charged. Thus the applicat-
27   ion of the charge by the government requires proof of the underlying

28

                                    (10)

1   offense, or the charge is not stated. And the court does not have jur-
2   isdiction to impose a penalty. Neither does the charge satisfy the
3   Hamling requirement, see Hamling, 418 US 117 94 S.CT. at 2907, because
4   it fails the " essential element," since the distribution of controlled
5   substance is an essential element of " Conspiracy to aid and abet the
6   distribution of controlled substance, and not merely a component of the
7   underlying offense.

8       **Refering to pg. 9 (c) The evidence was sufficient to sustain**
9   **the conviction** ,

10      The government mistakes the petitioner's claim, the only challenge
11  of evidence by the accused is that the government charged the accused
12  with Conspiracy to aid and abet the distribution of controlled substa-
13  ance, and facts at the trial proved different from the charge, that is
14  no distribution was intended or occurred, see(P.S.I. PG. 5 Sect 4)
15  Thus there is a fatal variance here, that rises to the level of rever-
16  sable error see U.S. v. Homick 964 F2d 899 on fatal variances. Also
17  see U.S. v. Von Stoll, 726 F2d 584, 586(9th Cir. 1984). The defendant
18  was not charged with distribution under Title 21 U.S.C. 841(1)(a) by
19  the Grand Jury, or convicted under that statutory provision, thus
20  defendant is held accountable for offense not charge, which is constr-
21  uctive amending, considered prejudicial per se, Stirone v. United Sta-
22  tes, 361 US 212, 80 S.CT. 270, 4 L.ED. 2d 252 (1960). Also see U.S. v.
23  Scott 993 F2d 1520 (11th Cir. 1993), United States v. Floresca 38 F3d
24  706, 710 (4th Cir. 1994).

25      **Refering to pg 10 Paragraph 3 There was no error at sentencing**
26  The government states; " Coleman arguement is defeated bt the plain
    language of the statue, 21 U.S.C. 846 which provides that " any
27  person who attempts or conspires to commit any offense defined in this
28

1   subchapter shall be subject to the penalties as those prescribed for
2   the offense, the commission of which the object of the attempt or
3   conspiracy" the language of 18 U.S.C. 2 states that whoever commits
    an offense against the United States or aids, abets... or procures
4   it commission, is punishable as a principal."

5       The government goes on to state;
6   " Section 2X1.1 of the United States Sentencing Guidlines specific-
7   ally states the base offense level for an Attempt or Conspiracy is the
    same as " the base offense level for the substantive offense.

8

9       The petitioner agrees, however there must yet be a substantive
10  offense charged in the charging instrument that the alternative charge
11  of aiding and abetting, or conspiracy to be the subject or predicate
12  offense of. Had Congress intended that the aiding and abetting prov-
13  isions that carrises the penalty of its own substantive offense, was
14  jointly applicable to the conspiracy provisions which punishes the
15  same substantive offense define in its subchapter, which is the object
16  of the conspircy, she would have define such under 2X1.1 of USSG.

17      Thus Aiding and Abetting, Attempt and Conspiracy, punishes the
18  same offense that does not exist. The charges in the indictment makes
19  an erroneous statement of law, and appears to violate the Double Jeo-
20  pardy Clause of the Fifth Amendment.For a defendant cannot conspire
21  to aid and abet the same offense, the USSG is inapplicable to defend-
22  ant's case. Furthermore the USSG does not state an **Attempt** and **Consp-**
23  **iracy,** but rather **Attempt** or **Conspiracy.**

24      However the circumstances of previous cases might have been is
25  unknown to the accused, but in the instant case, defendant cannot
26  both " conspire to aid and abet "**Conspiracy, Attempt, Aiding and Abe-**
27  **tting,** the same substantive offense in this case is inapplicable to

28                                      (12)

1   to the USSG, and foreign to its well established procedures. The
2   government also contends that the court considered both (1) reasonable
3   forseeability(2) the scope of the jointly undertaken criminal activity
4   petitioner allegelly agreed upon.

5      This contention by the government, is inapposite, there can be no
6   attribution of drug amounts to the accused where no crime has occurred
7   and likewise no drug amount can be attributed to the allege conspiracy
8   that does not exist. As this court stated one cannot conspire with
9   the government. Neither can the court attribute drug amounts to aiding
10  and abetting a conspiracy that does not exist. And is likewise void
11  of a substantive offense.

12

13                                    **CONCLUSION**

14     Petitioner contends the government's case is schizophrenia, it
15  alleges a conspiracy that does not exist, and conspiracy jointly with
16  aiding and abetting the same offense. It omits the necessary included
17  offense, that is; the actual distribution of the charge of Conspiracy
18  to aid and abet the distribution of controlled substance. It does
19  not charge or state any elements of Title 21 U.S.C.841(1)(a), but
20  penalizes for such. It presecutes a crime that the law does not make
21  criminal, and the court has no jurisdiction to impose penalties for.
22     Finally, it convicts the petitioner of offenses this court stated
23  that defendant could not be convicted for, that is conspiring with a
24  goverment agent, neither could the accused aid and abet that same
25  agent.

26

27                              (13)

28

1

## RELIEF SOUGHT

2      **WHEREFORE**, petitioner respectfully request this Honorable Court

3  grant relief as to; (1) dismiss the indictment with prejudice as a

4  matter of law or;(2) Vacate petitioner's sentence, and remand back to

5  the District Court for appropriate preceedings.

6

7

8

9

10

11

12

13

14                                              Respectfully Submitted

15      07 Mar. 2000

16          DATE                        KEITH G. COLEMAN 09587-021

17

18

19

20

21

22

23

24

25

26

27

28                              (14)

# *CERTIFICATE OF SERVICE*

I, __KEITH G. COLEMAN__ hereby certify that I have served a true and correct

copy of the following:     U.S. Department of Justice
                           United States Attorney
                           Southern District of Georgia
                           P.O. Box 8999
                           Savannah, Georgia 31412

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack.* 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary, Lompoc, California, on this: __7th__ day of: __April__ , 2000.

KEITH G. COLEMAN 09587-021

3901 Klein Boulevard
Lompoc, California 93436