FILED
U.S. DIST. COURT
SAV͏̈ ͏̈ ͏̈H DIV

May 22  4 18 PM '00

CLERK 7̸9̸4̸
SO. DIST. ͏̈ ͏̈

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| **KEITH COLEMAN** ) | CV400-54 |
| ) | (underlying CR497-181) |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO COLEMAN'S MOTION TO AMEND TRAVERSE

COMES NOW the United States of America, by and through Harry D. Dixon, Jr., United States Attorney for the Southern District of Georgia, and files this response in opposition to Coleman's motion to amend his previously-filed traverse to the government's response in opposition to his 28 U.S.C. § 2255 motion, and states:

1. Coleman filed his § 2255 motion on February 20, 2000. The government filed a response in opposition on March 30, 2000. Coleman filed a traverse to the government's response on April 7, 2000. Now, more than a month later, Coleman has moved this Court for leave to amend his traverse to the government's response in opposition to his original § 2255 motion. In his motion to amend, Coleman seeks to assert a previously unraised challenge to his conviction and sentence.

6

2. In cases where no specific § 2255 procedural rule exists, Rule 12 of the Rules governing § 2255 proceedings makes the Federal Rules of Criminal and Civil Procedure applicable to § 2255 proceedings. § 2255 R. 12.

3. Rule 15 of the Federal Rules of Civil Procedure instructs that a party may amend a pleading once, as a matter of course, at any time before a responsive pleading is served. If a response has been filed, an amendment may be made only by order of the Court or with written consent of the opposing party. Fed. R. Civ. P. 15(a). The government has already filed a response in this case, and does not consent to the amendment of Coleman's § 2255 motion.

4. The government reiterates its March 30, 2000, response in opposition to Coleman's § 2255 motion. It is the government's position that Coleman's motion is procedurally barred and without merit.

5. In his motion to amend, Coleman seeks to raise for the first time a claim that the indictment in his case was "duplicious." He contends that the substantive counts of the indictment (counts 2, 4, 5-7, and 9) are subsumed by the conspiracy charge in count 1, reasoning that the substantive counts are "lesser-included offenses" of that count, rather than distinguishable, independent offenses. Therefore, he reasons, the Court improperly sentenced him more than once for the same conduct.

6. Because Coleman is not arguing that the indictment charged two or more offenses in a single count (duplicity), the government infers that he is actually asserting "multiplicity," or the charging of a single offense in more than one count. See, United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995); United States v. Bonavia, 927 F.2d 565, 568 (11th Cir. 1991).

7. The indictment against Coleman was not multiplicious. Count 1 charged Coleman (and four others) with conspiracy to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846. The essential element of this type of conspiracy is an agreement by two or more persons to violate the narcotics law. There is no requirement in a § 846 conspiracy for the government to prove commission of an overt act in furtherance of the conspiracy. See, e.g., United States v. Noe, 821 F.2d 604, 609 n.7 (11th Cir. 1987), United States v. Alberti, 727 F.2d 1055, 1060 (11th Cir. 1984).

8. Counts 2, 4, 5-7, and 9 of the indictment charged Coleman with attempting to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1). A defendant may be convicted of aiding and abetting the possession of cocaine with intent to distribute even if his conduct occurs after the principal no longer possesses the drugs, for example, when he shows up to conduct surveillance after a delivery. In short, aiding and abetting encompasses activities intended to

3

Case 4:00-cv-00054-BAE   Document 6   Filed 05/22/00   Page 4 of 6

ensure the success of the underlying substantive crime(s). United States v. Perez, 922 F.2d 782, 786 (11th Cir. 1991).

9. The Supreme Court and the Eleventh Circuit have ruled that conspiracy and substantive offenses may be prosecuted separately. The Double Jeopardy Clause does not bar the government from prosecuting a defendant for a conspiracy offense after having prosecuted him for substantive offenses which were listed as overt acts in the conspiracy prosecution. United States v. Felix, 503 U.S. 378, 380-81 (1992); United States v. Eley, 968 F.2d 1143, 1145-47 (11th Cir. 1992). Conviction for conspiring to commit an offense does not bar a separate prosecution and punishment for completing the offense. Felix, id.

10. Simply put, Coleman was convicted on count 1 for the agreement he entered into with others to aid and abet the distribution of cocaine. The substantive counts on which Coleman was convicted constituted independent, discrete acts that Coleman aided and abetted the performance of while he was a member of the conspiracy. The United States Code, codifies these as separate offenses under 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), and it is clear that the legislature intended that each violation be a separate offense. See, Garrett v. United States, 471 U.S. 773, 794-95 (1985). There is no legal basis for Coleman's multiplicity argument.

WHEREFORE, the government respectfully requests that this Court issue an Order denying Coleman's motion to amend his 28 U.S.C. § 2255 motion, and denying his motion under § 2255.

Respectfully submitted,

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the government's response in opposition to Keith Coleman's motion to amend his 28 U.S.C. § 2255 motion has been mailed to:

Keith Coleman, Reg. No. 09587-021
United States Penitentiary
3901 Klein Blvd.
Lompoc, California 93436


This _____ day of May, 2000.

                                        HARRY D. DIXON, JR.
                                        UNITED STATES ATTORNEY


                                        Carlton R. Bourne, Jr.
                                        Assistant United States Attorney
                                        SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422

6