**ORIGINAL**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH G. COLEMAN | ) | CV400-54 |
| | ) | underlying CR497-181 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

### GOVERNMENT'S RESPONSE TO COLEMAN'S MOTION TO AMEND HIS 28 U.S.C. § 2255 MOTION WITH EXHIBITS, FACTS, AND LAW

Comes now the United States of America, by and through Harry D. Dixon, Jr., United States Attorney for the Southern District of Georgia, and responds to Keith Coleman's motion to amend his 28 U.S.C. § 2255 motion. For the reasons that follow, Coleman's § 2255 motion should be denied.

Coleman seeks to amend his previously filed § 2255 motion. His proposed amendment thereto attacks his sentence on several grounds: 1) prosecutorial misconduct and entrapment, and counsel's alleged ineffective assistance for failing to raise these issues pretrial, at trial, or on appeal; 2) the government's failure to allege drug quantity in the indictment, and to submit same to the jury for determination beyond a reasonable doubt; and 3) the government's failure to charge in the indictment other facts which increased Coleman's penalty beyond the statutory maximum (obstruction of justice and role in the offense). [Claims 2 and 3 rely on the Supreme Court's decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).]

14

**Procedural Bar**

The grounds of Coleman's § 2255 motion dealing with prosecutorial misconduct, government overreaching, and entrapment, as well as the Court's drug quantity assessment at sentencing, were addressed and resolved adversely to Coleman in his direct appeal. Recently, the Eleventh Circuit stated that a defendant is not entitled to collateral relief based on a claim that was raised and rejected on direct appeal, and which is merely "re-characterized" in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). These grounds of Coleman's § 2255 motion are therefore procedurally barred, and should be dismissed.

**Apprendi**

As stated above, Coleman unsuccessfully challenged the Court's drug quantity attribution figure on direct appeal. He now attempts to assail his sentence on the ground that factors affecting his sentence – drug quantity and two Sentencing Guidelines enhancements (obstruction of justice and role in the offense) – were not alleged in the indictment and submitted to the jury for proof beyond a reasonable doubt. Coleman's claims should be denied.

**A. Apprendi Claims are not Cognizable on Collateral Attack**

The Eleventh Circuit has held that Apprendi claims are not cognizable in a 28 U.S.C. § 2255 motion. In re Joshua, 224 F.3d 1281, 1282 (11th Cir. 2000). Although the Joshua case dealt with a petitioner's request to file a second, successive § 2255

2

motion, the opinion states that "the Supreme Court has not declared Apprendi to be retroactive to cases on collateral review." Joshua, 224 F.3d at 1283;[1] see also United States v. Rogers, 2000 WL 1451907 *10 (11th Cir. Sept. 29, 2000)(stating that Apprendi applies to cases on direct appeal, in comparison to the Joshua court's holding that the Apprendi rule does not apply retroactively to cases on collateral review); but see United States v. Murphy, 109 F. Supp. 2d 1059, 1064 (D.Minn. 2000)(Apprendi retroactively applicable to cases on § 2255 review). For this reason, the Joshua court specifically declined to decide whether the holding in Apprendi was a "new rule of constitutional law under 28 U.S.C. § 2255, 2244(b)(2)(A)." Joshua, 224 F.3d 1283 fn. 3. Absent an express holding by the Supreme Court making Apprendi applicable to cases on collateral attack, this Court should dismiss Coleman's claims without prejudice. In the event Apprendi is, at some future point, deemed retroactive by the Supreme Court, Coleman could then seek permission to file a successive § 2255 motion.

## B. Coleman's Apprendi Claim Does Not Survive Teague Analysis

The principle adopted by the Supreme Court in Apprendi is a "new

---

[1] See In re Vial, 115 F.3d 1192, 1197 (4th Cir.1997)("[A] new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding.")(quoting 28 U.S.C. § 2255).

3

constitutional rule of criminal procedure," which, under Teague v. Lane, 489 U.S. 288 (1989), is not applicable to cases on collateral review. The principle enunciated in Apprendi does not fall within the Teague exception for "watershed rules" of criminal procedure. See Teague, 489 U.S. at 311. The Supreme Court has explained that the "watershed" exception applies only to rules that "not only improve accuracy [of criminal proceedings], but also 'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." Sawyer v. Smith, 497 U.S. 227, 242 (1990) (quoting Teague, 489 U.S. at 311). Cf. United States v. Swindall, 107 F.3d 831, 836 (11th Cir. 1997)(holding that the rule adopted in United States v. Gaudin, 515 U.S. 506 (1995) -- that the question of materiality for purposes of 18 U.S.C. § 1001 must be decided by the jury, not the court -- is not a "watershed rule" that falls within the Teague exception).

## C. **Coleman Must Show Cause and Prejudice**

Additionally, Coleman, who raises his Apprendi claim for the first time on collateral review, must show both cause for his failure to raise the issue at trial or on direct appeal, and prejudice resulting from the failure to treat drug type or quantity as an element. See United States v. Frady, 456 U.S. 152 (1982). Even though the law may have been settled against the defendant in this circuit on the question of whether drug type or quantity is an element of the offense, "the futility of presenting an objection...cannot alone constitute cause for a failure to object at trial." Engle v.

4

Isaac, 456 U.S. 107, 130 (1982); see Bousley v. United States, 523 U.S. 614, 623 (1998). To show prejudice, the defendant must show that the error "worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. at 170.

### D. The Evidence at Trial Regarding Coleman's Cocaine Involvement

Coleman cannot show prejudice because the district court correctly determined the quantity of drugs for which he was accountable (and for which he would have been properly held accountable had the government known, at the time of indictment and trial, that it was required to allege and prove drug quantity). The sentencing transcript in this case reflects that the Judge relied upon evidence adduced at trial in amassing Coleman's drug quantity accountability. Sentencing transcript pp. 14-16, 25-26, 29, 56.

Moreover, the evidence at trial clearly established that Coleman was involved with almost five (4.7) kilograms of cocaine in each of the six transactions in which he participated. Trial Tr. pp. 70, 85-86, 126-29, 132, 136-37, 145. Testimony at trial showed that Coleman participated in the deals, as follows: 1) 10-1-96, 4.7 kilograms of cocaine, Trial Tr. pp. 480-484; 2) October 30-31, 1996, 4.7 kilograms of cocaine, Trial Tr. pp. 503-10, 751; 3) November 20, 1996, 4.7 kilograms, Trial Tr. pp. 366, 371-72, 374, 560-62; 4) December 10, 1996, 4.7 kilograms, Trial Tr. pp. 374, 583-90; 5) January 6, 1997, approximately 5 kilograms, Trial Tr. pp. 140, 607, 614; 6) January 30, 1997, 4.7 kilograms, Trial Tr. pp. 253, 376. When the cooperating witness first

met Coleman, he told Coleman that "ki's" (kilos) of cocaine were coming into Savannah. Trial Tr. pp. 469, 542. Undercover FBI SA Velazquez told Coleman the organization would be bringing "40-50 kilos" into Savannah. Trial Tr. pp. 183. Coleman told officers he recruited into the organization (Gorham, London, and Johnson) that "truckloads" of cocaine were involved. Trial Transcript pp. 541, 642. Given the strength of this evidence, had the law at the time of Coleman's trial and conviction required an explicit jury finding as to drug quantity, any reasonable juror would have found Coleman guilty of conspiring to aid and abet the distribution of at least five kilograms of cocaine, all that is required to establish base offense level 34 (for offenses involving at least 5 but less than 50 kilograms of cocaine hydrochloride). See United States v. Swatzie, ___ F.3d ___, 2000 WL 1421337 (11th Cir. Sept. 27, 2000). No error exists.

### E. Even Assuming Error, Coleman's Sentence is Still Valid.

While not agreeing that Apprendi is applicable to Coleman on § 2255, even if reconsidered in light of Apprendi, Coleman's sentence should stand. The rule enunciated in Apprendi has been applied such that, if the indictment did not specify a drug quantity, the maximum penalty on a guilty verdict would have been 20 years in prison (i.e., the statutory maximum under 21 U.S.C. § 841(b)(1)(C) without reference to drug quantity). United States v. Rogers, 228 F.3d 1318, 2000 WL 1451907 (11th Cir. September 29, 2000)(A defendant convicted by jury for

6

possession with intent to distribute crack cocaine, where indictment does not mention a specific amount, can be sentenced only under 21 U.S.C. S 841(b)(1)(C).); United States v. Doggett, 2000 WL 1481160 (5th Cir. October 6, 2000)(same); United States v. Angle, 2000 WL 1515159 (4th Cir. Oct.12, 2000)(same); cf. Jones v. United States, 526 U.S. 227, 239 (1999)(serious bodily injury in carjacking is distinct statutory element, not mere penalty enhancement during sentencing).

The jury convicted Coleman on eight separate counts, as follows:

| Count(s) | Statute | Violation |
| --- | --- | --- |
| 1 | 21 U.S.C. § 846 | conspiracy to aid & abet cocaine distribution |
| 2, 4, 5, 6, 7, 9 | 21 U.S.C. § 846 | attempt to aid & abet cocaine distribution |
| 3 | 18 U.S.C. § 924(c) | carrying firearm during drug trafficking crime |

At sentencing, the Court imposed a sentence of life imprisonment as to count 1, 480 months imprisonment as to counts 2, 4, 5, 6, 7, and 9 (to be served concurrent to the sentence imposed in count 1), and 60 months as to count 3 (to be served consecutively to the sentence imposed in count 1), for a total sentence of life plus 60 months imprisonment. Sent. Tr. p. 57. Assuming (without admitting) the existence of error under Apprendi, the Court was limited to statutory maximum penalties of 20 years on each of the seven drug counts.

Counts 1, 2, 4, 5, 6, 7, and 9 were grouped pursuant to USSG § 3D1.2(b) and (d) for sentencing purposes. Generally, grouped counts are to be served concurrently. USSG § 5G1.2(c). However, USSG § 5G1.2(d) states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d). Apprendi would not prohibit the Court from running Coleman's sentences on counts 1, 2, 4, 5, 6, 7, and 9 consecutively (20 years statutory maximum as to each of the seven counts) by virtue of USSG § 5G1.2(d) to achieve a combined sentence equal to the total punishment.[2] See United States v. Henderson, 105 F. Supp. 2d 523, 536-37 (S.D. W.V., 2000).

## F. Apprendi Does Not Support a Challenge to the Sentencing Guidelines.

Finally, Coleman argues that the Court erred in enhancing his sentence under USSG § 3C1.1 for obstruction of justice and USSG § 3B1.3 for his leader/organizer role in the offense. By failing to raise these issues on direct appeal, Coleman has waived them; it is well-settled that Sentencing Guidelines errors are not cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995). Further, Coleman's reliance on Apprendi is misplaced. The Apprendi court

---

[2] The sentence on count 3, the § 924(c) count, is required by that statute to run consecutively to any sentence imposed on the drug counts.

"express[ed] no view" on the question of the constitutionality of the Guidelines. The Supreme Court has upheld the use and operation of the Sentencing Guidelines, see Mistretta v. United States, 488 U.S. 361 (1989), and has made clear that so long as the statutory minimum and maximum sentences are observed, it is constitutionally permissible for the Guidelines to establish presumptive sentencing ranges on the basis of factual findings made by the sentencing court by a preponderance of the evidence. See Edwards v. United States, 523 U.S. 511, 513-514 (1998)(Guidelines "instruct the judge...to determine" type and quantity of drugs for which a defendant is accountable "and then to impose a sentence that varies depending upon amount and kind"). The Guidelines merely "channel the sentencing discretion of the district courts and make mandatory the consideration of factors" that courts have always had discretion to consider in setting a sentence within the statutory maximum term. Witte v. United States, 515 U.S. 389, 400-404 (1995); see also United States v. Watts, 519 U.S. 148, 155-156 (1997) (per curiam). The principle adopted in Apprendi applies only to sentencing factors that "increase[] the penalty for a crime beyond the prescribed statutory maximum." 120 S. Ct. at 2362-2363. The Court did not question the traditional power of the sentencing judge to "exercise discretion...within the range prescribed by statute." Id. at 2358. The Sentencing Guidelines limit the sentencing judge's discretion, but they do not remove it altogether. Cf. Koon v. United States, 518 U.S. 81 (1996). Because specific offense characteristics and sentencing

9

adjustments under the Sentencing Guidelines cannot increase the statutory maximum penalty for a criminal offense, Apprendi does not support a challenge to the constitutionality of the Guidelines. See Sentencing Guidelines § 5G1.1; Edwards, 523 U.S. at 515 ("a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines").

The obstruction of justice and role in the offense enhancements were properly applied to Coleman. A two-level obstruction enhancement is warranted if the defendant willfully obstructed or impeded the investigation or prosecution of his case. USSG § 3C1.1. The enhancement applies when a defendant commits perjury during his trial. Id., comment. (n. 3(b)); United States v. Dunnigan, 507 U.S. 87, 96 (1993). In Coleman's case, the probation officer detailed in the PSI and at sentencing the facts supporting the obstruction enhancement; these were adopted by the Court at sentencing. Sent. Tr. pp. 14-15, 25. The Court specifically found that Coleman's trial testimony was perjurious and completely refuted by the evidence and testimony of witnesses at trial. Sent. Tr. pp. 24-25. This is sufficient to support the enhancement. United States v. Geffrard, 87 F.3d 448, 453 (11th Cir. 1996); United States v. Dobbs, 11 F.3d 152, 154-55 (11th Cir. 1994).

With regard to the organizer/leader role enhancement, the Court found at sentencing that Coleman had recruited at least four other officers into the conspiracy; this finding was supported by evidence at trial, in the form of recorded conversations.

10

Sent. Tr. pp. 14, 29, 35. Further, Coleman negotiated for payment for all the officers he recruited, and, in a recorded conversation, told the undercover agent that Coleman should receive payment for all "his guys," which he would then distribute himself (rather than having the undercover agent pay each officer individually). Sent. Tr. pp. 16, 32. A four-level enhancement under USSG § 3B1.1(a) is appropriate when, as here, a defendant played a leadership role in conduct involving five or more participants (counting the defendant). United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994); United States v. Rodriguez, 981 F.2d 1199, 1200 (11th Cir. 1993). As the record shows, there was no error by the Court in applying these enhancements to Coleman.

WHEREFORE, the government respectfully requests that this Court issue an Order denying Coleman's 28 U.S.C. § 2255 motion, and for such other relief the Court deems proper in this case.

Respectfully submitted,

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing government's response to Keith Coleman's motion to amend his 28 U.S.C. § 2255 motion has been mailed to:

Keith G. Coleman, Reg. No. 09587-021
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720-6030

This 7th day of November, 2000.

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401