# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KEITH G. COLEMAN,       )
                               )
        Movant,         )
                               )
v.                       )     Case No.  CV400-54
                               )        [CR497-181]
UNITED STATES OF AMERICA, )
                               )
        Respondent.    )

## **REPORT  AND  RECOMMENDATION**

Movant under 28 U.S.C. § 2255 moves the Court to amend his motion with "exhibits from discovery, with facts, and law." Doc. # 13. Movant also previously filed a motion to amend his traverse to the government's initial answer to the § 2255 motion. Doc. # 5. Because neither motion is frivolous or unduly prejudicial to the government, both motions to amend are GRANTED. The Court recommends, however, that the underlying § 2255 motion be DENIED for the following reasons.

20

## I. BACKGROUND

On September 19, 1997, movant and four co-defendants were indicted in a police corruption case. Movant was charged in Count One of the indictment with conspiracy to aid and abet the distribution of cocaine in violation of 21 U.S.C. § 846; in Counts Two, Four, Five, Six, Seven, and Nine with attempting to aid and abet the distribution of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2; and in Count Three with carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

Movant was found guilty on all indicted counts on November 21, 1997. A sentencing hearing was held on January 28, 1998, and movant was sentenced to life for Count One and five years each for Counts Two, Four, Five, Six, Seven, and Nine, all to be served concurrently, and five years for Count Three to be served consecutively, for a total sentence of life plus five years in prison.

Movant filed a notice of appeal on February 5, 1998, and raised twenty-three separate issues on appeal. The Eleventh Circuit affirmed movant's conviction and sentence on October 13, 1999. On February 20,

2000, movant timely filed the present 28 U.S.C. § 2255 motion. The government responded to the motion on March 30, 2000. Doc. # 3. On April 17, 2000, movant filed a traverse to the government's response. Doc. # 4. A month later movant filed a motion to amend his traverse, which the government opposed. Doc. # 5. Movant filed a second motion to amend his § 2255 motion on September 11, 2000, Doc. # 8, which was denied by this Court on September 22, 2000. Plaintiff filed a third motion to amend on October 23, 2000, Doc. # 13, which was opposed by the government, Doc. # 14.

Movant raised four issues of error in his initial § 2255 motion: (1) the district court lacked jurisdiction to sentence movant; (2) the charge of attempt to aid and abet the distribution of a controlled substance is inappropriate where the actual perpetration of the cocaine distribution has not occurred; (3) movant is innocent of the charges on which he was convicted because the underlying offense is "constitutionally invalid"; and (4) the charge of "conspiracy to attempt to aid and abet" the distribution of a controlled substance cannot apply where government agents are the

only alleged distributors.  Movant also averred ineffective assistance of counsel in a memorandum accompanying his motion.

After the government responded to the § 2255 motion and movant filed a traverse in response, movant submitted to the Court an amended traverse.  In the amendment, movant argues that the charges entered by the grand jury in the indictment are duplicitous.  Movant claims that the offenses in Counts Two, Four, Five, Six, Seven, and Nine are elements of the Count One conspiracy and therefore that the Counts should not be distinguishable, independent offenses.

Finally, movant raises allegations in his most recent amendment of prosecutorial misconduct, government overreaching, and entrapment. Movant also challenges the quantity of drugs attributed to him by the sentencing court under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). The Court will assess each of the grounds raised by movant separately.

## II. PROCEDURAL BAR

Absent extraordinary circumstances, this Court is precluded from considering claims in a § 2255 motion which were raised and rejected on

direct appeal.  Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981); United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979); Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978); Vernell v. United States, 559 F.2d 963, 964 (5th Cir. 1977); 3 Charles A. Wright, Federal Practice and Procedure § 593 n.26 (2d ed. 1982).

Movant's counsel raised twenty-three separate issues in a twenty-five page appellate brief submitted to the Eleventh Circuit after movant's conviction and sentence.  The court held oral argument on these issues before rejecting movant's appeal.  Many of the issues presented on appeal mirror claims made by movant in his initial § 2255 motion and in his most recent amendment.

First, movant challenges the district court's jurisdiction in imposing his sentence.  Specifically, movant states that a court cannot impose a

5

sentence when a defendant has not committed a substantive offense. Doc. # 1 at 4. Movant raised similar grounds in his appellate brief: "The indictment does not even charge the [movant] with any offense within the legislative intent, context, or descriptions of the sections of Title 18 cited within the indictment." App. Brief at 8. Thus, it appears that the Eleventh Circuit has already addressed the subject-matter jurisdiction question and rejected movant's position. This Court lacks authority to disturb the appellate court's ruling.

Movant also claims in his initial § 2255 motion that an attempt to aid and abet in the distribution of a controlled substance and "aiding and abetting in the distribution of controlled substances"[1] are not criminal activities where there is no "distributor" of the controlled substance. Doc. #1 at 4, 5. Movant's appellate brief raises a strikingly similar argument: "The appellant . . . cannot be prosecuted as [a] principal[] under Section 2 of Title 18. . . . The Appellant could not aid and abet the government in committing a crime." App. Brief at 9. While the Court cannot ascertain the

---

[1]The Court is unable to locate a count in movant's indictment charging the aiding and abetting in the distribution of cocaine. Counts 2, 4, 5, 6, 7, and 9 all charge an *attempt* to aid and abet.

extent to which the Eleventh Circuit contemplated the lack of a non-government distributor on appeal, movant's own appellate brief indicates that the issue was raised.    The appellate court's denial of the appeal presents a procedural bar to this Court's liberty to address the issue.

Movant claims in his initial § 2255 motion that his conviction was unconstitutional because his indictment only charged predicate, not substantive, offenses and thus his sentence was not authorized by law. Doc. # 1 at 4. Movant raised this issue a number of times in his appellate brief, most notably in his charge that the indictment was not based on valid law: "The indictment cited violations of the Code which purported to be valid law but were never applicable to the Appellant because they failed to conform to fundamental, essential constitutional prerequisites and therefore had no force of law." App. Brief at 11.   Because this issue was addressed on direct appeal, movant is procedurally barred from raising it again in his § 2255 motion.[2]

---

[2]The essence of movant's original, unamended § 2255 motion was that he could not be convicted of an inchoate crime, i.e., that charges of attempt to aid and abet in the distribution of a controlled substance were invalid without the involvement of a principal, a non-government distributor.  In addition to being procedurally barred, movant's claim also lacks substantive merit, as the charge is the *attempt* to aid and abet. An attempt does not require either a guilty principal or the completion of the criminal activity.  Similar "reverse sting" operations have resulted in valid convictions in other

In movant's most recent amendment, he raises issues of prosecutorial misconduct, overreaching, and entrapment. Doc. #13 at 10. These issues were also raised on direct appeal:

> The government did not show beyond a reasonable doubt that they did not entrap [movant]. The government was in control of the criminal enterprise from start to finish. [Movant] should not have been convicted. Government agents indicated that they were looking for "dirty cops." [Movant] was relatively new to the force when this incident occurred and had an impeccable record with the Savannah Police Department.

App. Brief at 20. Because the Eleventh Circuit addressed this issue on direct appeal, this Court is barred from considering the merits of movant's claim.

## III. PROCEDURAL DEFAULT

Previously available claims not timely raised are procedurally defaulted absent a showing of cause and prejudice. <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982); <u>Mills v. United States</u>, 36 F.3d 1052, 1055-56 (11th Cir. 1994); <u>Cross v. United States</u>, 893 F.2d 1287, 1289 (11th Cir.

---

courts. <u>United States v. Duncan</u>, 191 F.3d 569 (5th Cir. 1999); <u>United States v. Washington</u>, 106 F.3d 983 (D.C. Cir. 1997); <u>United States v. Cartlidge</u>, 808 F.2d 1064 (5th Cir. 1987).

1990); <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989). Movant must show (1) "'cause' excusing his double procedural default" and (2) "'actual prejudice' resulting from the errors of which he complains" in order to avoid procedural default. <u>Frady</u>, 456 U.S. at 168. Because the substantive claims raised by movant were available to him at the time of trial, sentencing, and direct appeal, the claims will be procedurally barred absent a showing of cause and prejudice.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant seeks to make the requisite showing of cause and prejudice through the ineffective assistance of his appointed counsel at trial and on direct appeal. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court created a two-part test for determining whether a movant received ineffective assistance of counsel.  First, a movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id</u>. at 687.  Second, a movant must demonstrate that the defective performance

9

prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong of the Strickland test (the "performance prong"), deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from the attorney's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted); see Mincey v. Head, 206 F.3d 1106, 1143 (11th Cir. 2000) (quoting Strickland); Reece v. United States, 119 F.3d 1462, 1464, n.4 (11th Cir. 1997) (summarizing Strickland requirements).

Under the second prong of Strickland (the "prejudice prong"), a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of counsel on direct appeal.   Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986).  In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue.  Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52.

The Court finds that, with the exception of his Apprendi claim, movant fails to show the requisite cause and prejudice to allow the consideration of his remaining claims on their merits. Specifically, movant

11

does not allege facts sufficient to constitute an ineffective assistance of counsel claim under Strickland.

In his original § 2255 motion, movant makes only passing reference to his charge of ineffective assistance of counsel, stating that "it is reasonable to expect the attorney in preparing a defense to become familiar with the language of the statute for which the government seeks to penalize the accused." Doc. # 1 at 12. In his most recent motion to amend, movant makes more sweeping charges of ineffective assistance, stating that "had counsel researched the record or case-law, the defense of 'outrageous government misconduct' and/or the 'entrapment rule' would have been applied at trial, or even as to preserve the issue on appeal."[3] Doc. # 13 at 2. Movant directly attacks his counsel's performance on appeal, arguing that "[movant] did not receive the type of assistance constitutionally required to render the appellate proceedings fair." Doc. # 13 at 5.

Movant's charges against his counsel are belied by the record and insufficient to satisfy the performance prong of the Strickland test.[4]

_____

[3]As the Court stated *supra,* movant's appellate brief raises the issue of entrapment. Thus, it appears that this issue was at least broached on appeal.

[4]Because movant focuses his ineffective assistance of counsel claims on his attorney's performance on appeal, the Court will limit its consideration of counsel's

12

Movant's counsel filed a twenty-five page appellate brief on movant's behalf and raised twenty-three separate issues in the brief, many of which have been raised again in this motion. Counsel's performance cannot be deemed ineffective for failure to raise a twenty-fourth issue on appeal unless the issue is such that its omission is patently unreasonable in light of the standards set forth in Cross and Strickland.

The only issue available to movant's counsel at the time of appeal that was not raised in the appeal, but that is broached in the § 2255 motion as amended, is duplicity in the charges brought against movant. Specifically, movant claims that the offenses in Counts Two, Four, Five, Six, Seven, and Nine are elements of the Count One conspiracy offense, and the counts should not be distinguished, independent offenses. While movant's argument is not inherently frivolous, the Court finds it reasonable that movant's counsel would "winnow out" this issue in favor of the twenty-three issues that were raised on appeal.[5] See Jones, 463 U.S. at 745

_____

performance to the appeal process.

[5]Movant never alleges in his pleadings that his trial or appellate counsel's representation was ineffective for failure to raise this issue. Because movant is proceeding pro se, however, the Court will construe this issue as an ineffective assistance claim.

13

(holding counsel not ineffective for "winnowing out" non-frivolous, less-effective claims on appeal).[6]  The Court finds that movant's counsel acted diligently and thoroughly in representing movant on appeal.  While counsel may not have raised every conceivable point of potential error in movant's appellate brief, the Court finds that counsel acted reasonably in selecting the most meritorious points of potential error.  Counsel's appellate performance was adequate under the Jones standard.

Movant also fails to meet the prejudice prong of the Strickland test on his claim of duplicitous charges.  Supreme Court and Eleventh Circuit authorities dictate that a conspiracy and a substantive offense may be prosecuted separately.  United States v. Felix, 503 U.S. 378, 380-81 (1992) ("[O]ur precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation."); United States v. Eley, 968 F.2d 1143, 1145-47 (11th Cir. 1992).  The essential foundation of a conspiracy, an agreement between two parties, may exist without commission of an overt act in furtherance of the conspiracy.  An overt

---

[6]To the extent that any of the issues raised by movant in his initial § 2255 motion and his most recent amendment, addressed *supra*, were not specifically raised on direct appeal, and thus are not procedurally barred, the Court finds that counsel's omission of those issues on appeal was reasonable, as the merits of movant's argument are contradicted by case law.  See supra note 2.

criminal act may also exist without a conspiracy. Thus, it is "established doctrine that a conspiracy to commit a crime is a separate offense from the crime itself." <u>Felix</u>, 503 U.S. at 384. Because movant could not succeed on a duplicitous charge claim, he fails to meet the prejudice prong of the <u>Strickland</u> test.

## V. **APPRENDI**

Movant cites <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), as support for the proposition that his sentence was illegally enhanced by the trial judge. Under <u>Apprendi</u>, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 2362-63. Movant argues that his indictment failed to include factors used by the sentencing judge to enhance movant's offense level. Under <u>Apprendi</u>, such factors should be included in the indictment and evaluated by the trier of fact. <u>Id.</u>

The nascent <u>Apprendi</u> rule presents the Court with an issue of fundamental importance, and yet a dearth of caselaw to guide the Court in

15

its analysis.   As appellate courts grapple with questions of retroactive applicability and statutory maximum sentences, the trial courts encounter a storm of prisoner § 2255 motions and amendments.   Amid the never-ebbing flow of novel issues engendered by the Supreme Court's decision, this Court is presented with a quintessential Apprendi claim: a sentence ostensibly increased beyond the statutory maximum as a result of factors considered by the judge at sentencing, but not the jury at trial.

## A.  Actual Prejudice

The Court finds guidance from the Eleventh Circuit decision in United States v. Swatzie, 228 F.3d 1278 (11th Cir. 2000).[7]   In Swatzie, the defendant was convicted of possession of cocaine with intent to distribute and sentenced as a career offender to life in prison.   The defendant presented an Apprendi challenge to the sentence on direct appeal.   He

---

[7]The Court applies the Swatzie rule with reservations.   While the Court is reluctant to embrace a rule that so narrows Apprendi and its constitutional implications, the Court is bound to follow binding Eleventh Circuit precedent.   The Court notes that the Eleventh Circuit has already cited Swatzie as authority in the context of two subsequent cases which involved the application of Apprendi on direct review.   United States v. Gerrow, 2000 WL 1675594, *2 (11th Cir. Nov. 8, 2000); United States v. Nealy, 2000 WL 1670932, *2 (11th Cir. Nov. 7, 2000).

alleged that his indictment omitted both the type and the quantity of drugs possessed by defendant.  These factors were used by the sentencing judge but were not considered by a  jury.

Applying the plain-error standard of appellate review, the court required an "'(1) error, (2) that is plain, and (3) that affect[s] substantial rights . . . .  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. at 1281 (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)).   The court found that the defendant's Apprendi-based appeal did not satisfy either the third or fourth touchstones of the plain-error standard.  According to the court, sufficient evidence existed for the jury to find that the defendant possessed the requisite quantity of cocaine with  intent  to  distribute.   Id. at 1283.   "We  can  fairly  say  in  these circumstances that there was no serious dispute that [the defendant] possessed at least 5 gm of cocaine base, enough for the increased statutory maximum . . . ."   Id.  Thus, even though the defendant's indictment did

17

not allege either the type or the quantity of drug possessed by the defendant, the Court concluded that evidence existed to infer that a reasonable jury would have found facts sufficient to impose a sentence on defendant identical to the one that he received.  The defendant was accordingly unable to show that the trial court's error affected his substantial rights or "the fairness, integrity, or public reputation of judicial proceedings."  See United States v. Nealy, 2000 WL 1670932, *2 (11th Cir. Nov. 7, 2000) ("We must affirm defendant's sentence if the record does not contain evidence that could rationally lead to a contrary finding with respect to drug quantity."); see also United States v. Gerrow, 2000 WL 1675594, *2 (11th Cir. Nov. 8, 2000) (following Swatzie).

The Court finds the Eleventh Circuit's Swatzie plain-error analysis to be germane to the standards applied in a § 2255 action.  When a claim is not asserted at trial or on direct appeal, a movant is procedurally barred from asserting the claim in a § 2255 motion absent a showing of (1) "'cause' excusing his double procedural default,"[8]  and (2) "'actual

---

[8]The Court determines that the prior unavailability of the Apprendi rule is sufficient to show cause in excusing the double procedural default.

prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 (1982).  Under the Swatzie standard, absent a showing of deprivation of "substantial rights," a defendant is barred from successfully asserting an Apprendi claim.  Similarly, movant is barred from using Apprendi in a § 2255 motion absent a similar, and perhaps more stringent, showing of actual prejudice.

The Court finds that facts were presented at trial sufficient to support movant's sentence, and movant is accordingly unable to demonstrate the requisite actual prejudice.  The sentencing transcript indicates that the district judge relied on trial evidence in ascertaining the proper drug quantities attributable to movant. Sent. Trans. at 14, 15, 16, 25, 26, 29, 56. At trial, the evidence showed that movant was implicated in six transactions, each involving 4.7 kilograms of cocaine.  Trial Trans. at 70, 85, 86, 126, 127, 128, 129, 132, 136, 137, 140, 145, 253, 374, 376, 480, 481, 482, 483, 484, 503, 504, 505, 506, 507, 508, 509, 510, 560, 561, 562, 583, 584, 585, 586, 587, 588, 589, 590, 607, 614, 751.  The district judge established a base offense level of 42 for movant, which requires movant's involvement

in the distribution of at least five kilograms of cocaine.[9]  The Court finds

that a reasonable jury would have attributed movant with at least five

kilograms of cocaine and thus established a base offense level of at least 42.

The district judge also factored a two-point enhancement for

obstruction of justice and a four-point enhancement for movant's role as a

leader/organizer of the conspiracy.   The Court finds that both

enhancements are supported by the evidence and that movant is unable to

show actual prejudice in regard to either enhancement.

First, a two-point enhancement is warranted if movant willfully

impeded the prosecution of the case (i.e., through the commission of perjury

at trial).  U.S.S.G. § 3C1.1; United States. v. Dunnigan, 507 U.S. 87, 96

(1993).  The record here indicates that movant's trial testimony was

perjurious and refuted by the weight of trial evidence.  Sent. Trans. at 24-

25.  Such perjured testimony is sufficient to support an enhancement.

---

[9]Movant's base offense level was enhanced by two points for obstruction of justice under U.S.S.G. § 3C1.1, four points for his "organizer" role in the offense under U.S.S.G. § 3B1.1(a), and four points for the drug conspiracy U.S.S.G. § 2D1.5. Thus, the total quantity of cocaine attributed to movant, disregarding the enhancements, gave him a base offense level of 32.

United States v. Geffrard, 87 F.3d 448, 453 (11th Cir. 1996); United States

v. Dobbs, 11 F.3d 152, 154-55 (11th Cir. 1994).

Second, a four-point enhancement is warranted for movant's

participation in the conspiracy as an organizer/leader. U.S.S.G. § 3B1.1(a).

The evidence indicates that movant recruited at least four other police

officers to participate in the conspiracy, and movant organized the

compensation of the conspiracy participants. Sent. Trans. at 14, 16, 29, 32,

35. Thus it appears that movant is unable to show actual prejudice from

the use of either challenged enhancement in the sentencing determination.

The Court finds the Apprendi rule inapplicable to the present motion for

failure to show such actual prejudice.[10]

---

[10]The Court notes that, even if an Apprendi claim was not procedurally barred in this motion, such a claim would likely fail. If an indictment does not specify a drug quantity, the statutory maximum sentence without reference to drug quantity applies. United States v. Rogers, 228 F.3d 1318 (11th Cir. 2000). Under 21 U.S.C. § 841(b)(1)(C), the statutory maximum is twenty years. Under U.S.S.G. § 5G1.2(d), movant's six attempt charges and one conspiracy charge can be counted consecutively for sentencing purposes, which would leave movant with a 140-year prison sentence, the functional equivalent of the life sentence movant received. United States v. Henderson, 105 F. Supp. 2d 523, 536-37 (S.D.W.V. 2000). Application of Apprendi is limited to enhancements that increase sentences beyond the statutory maximum. Because the sentence actually received by movant is the functional equivalent of the maximum statutory sentence movant could have received, Apprendi likely should not apply in this case.

## B. __Teague__ Analysis

The government urges the Court to deny movant's __Apprendi__ claim on the ground that it is precluded under __Teague v. Lane__, 489 U.S. 288 (1989) (plurality opinion). __Teague__ limits the retroactive availability of new rules of constitutional law on collateral review. When the Supreme Court creates a new rule, the rule generally is not available for collateral application in a § 2255 motion. __Id.__ at 310. The __Teague__ rule is subject to two exceptions, one of which allows retroactive application of "watershed rules of criminal procedure." __Id.__ at 311-13. Courts are split on whether the __Apprendi__ doctrine qualifies as such a "watershed rule." __Compare__ __Jones v. Smith__, 2000 WL 1664426, at *8 (9th Cir. Nov. 7, 2000) (finding __Apprendi__ rule does not fall under "watershed rule" exception of __Teague__), __with__ __United States v. Murphy__, 109 F. Supp. 2d 1059, 1063 (D. Minn. 2000) (finding __Apprendi__ rule applicable under __Teague__ exception) __and__ __Talbott v. Indiana__, 226 F.3d 866, 868-69 (7th Cir. 2000) (ruling that __Teague__ rule is solely for Supreme Court, not court of appeal, application).

At the core of the <u>Apprendi</u> Court's rationale is the right to a trial by jury in a criminal proceeding, as guaranteed in the Sixth Amendment to the United States Constitution.  The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 120 S. Ct. at 2363. Any procedure that does not involve the submission of such a fact to a jury "is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system."   <u>Id.</u> at 2366. According to Justice Scalia's concurring opinion, "the guarantee that '[i]n all criminal prosecutions, the accused shall enjoy the right to . . . trial, by an impartial jury' has no intelligible content unless it means that all the facts which must exist in order to subject the defendant to a legally prescribed punishment *must* be found by the jury." <u>Id.</u> at 2367 (Scalia, J., concurring) (emphasis in original).

The <u>Apprendi</u> Court essentially extended the bounds of procedural due process to every factor that increases a defendant's sentence beyond the statutorily prescribed maximum.  To deprive a defendant of the submission

of a sentencing enhancement factor to the jury is tantamount to robbing the defendant of a stalwart of procedural due process, the jury trial. The <u>Apprendi</u> doctrine implicates the fairness and accuracy of criminal proceedings.

Under <u>Sawyer v. Smith</u>, 497 U.S. 227 (1990), a "watershed rule" satisfying the <u>Teague</u> exception must improve the accuracy of the proceeding and "'alter our understanding of the bedrock procedural elements'" essential to the fairness of a proceeding. <u>Id.</u> at 242 (quoting <u>Teague</u>). The courts of appeal had opportunity to apply the "watershed rule" standard after the Supreme Court's decision in <u>United States v. Gaudin</u>, 515 U.S. 506 (1995). In <u>Gaudin</u>, the Court found that the failure of a trial judge to submit the issue of materiality in a false-statement action to the jury deprived the defendant of "the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." <u>Id.</u> at 522-23. The Eleventh Circuit refused to find the <u>Gaudin</u> rule one of watershed importance, finding that it merely "reallocates factfinding from judge to jury on the single issue of materiality.

. . . ." <u>United States v. Swindall</u>, 107 F.3d 831, 836 (11th Cir. 1997). The court reasoned that the trial judge, in ruling on the issue of materiality, used the same "beyond a reasonable doubt" standard as would be applied by a jury, and the "accuracy" of the trial was thus not improved by the <u>Gaudin</u> rule. <u>Id.</u> Other courts of appeal have treated the <u>Gauldin</u> rule similarly. <u>United States v. Mandanici</u>, 205 F.3d 519, 529-31 (2d Cir.), <u>cert. denied</u>, 2000 WL 1203513 (Oct. 2, 2000); <u>Bilzerian v. United States</u>, 127 F.3d 237, 241 (2d Cir. 1997); <u>United States v. Shunk</u>, 113 F.3d 31, 37 (5th Cir. 1997); <u>see</u> <u>Neder v. United States</u>, 527 U.S. 1, 15-20 (1999) (finding that failure to submit issue of materiality under <u>Gaudin</u> was harmless error). <u>But see</u> <u>id.</u> at 1844 (Scalia, J., dissenting) ("[D]epriving a criminal defendant of the right to have the jury determine his guilt of the crime charged -- which necessarily means his commission of every element of the crime charged -- can never be harmless.").

Conversely, the Supreme Court rule in <u>Cage v. Louisiana</u>, 498 U.S. 39 (1990) has been applied retroactively by a number of courts of appeal. <u>Tillman v. Cook</u>, 215 F.3d 1116, 1122-23 (10th Cir. 2000); <u>West v. Vaughn,</u>

204 F.3d 53, 61 (3rd Cir. 2000); <u>Gaines v. Kelly</u>, 202 F.3d 598, 605 (2nd Cir. 2000); <u>Humphrey v. Cain</u>, 138 F.3d 552, 553 (5th Cir. 1998) (en banc); <u>Adams v. Aiken</u>, 41 F.3d 175, 178-79 (4th Cir. 1994); <u>Nutter v. White</u>, 39 F.3d 1154, 1158 (11th Cir. 1994).  The <u>Cage</u> Court held that judges in criminal proceedings must charge juries to find guilt beyond a reasonable doubt; any lesser burden-of-proof instruction was unconstitutional, violative of a right "fundamental to the American scheme of justice."  <u>Tillman</u>, 215 F.3d at 1123.

The Court finds that, like the <u>Cage</u> rule, <u>Apprendi</u> altered the understanding of a bedrock procedural element essential to due process and the concept of ordered liberty.  Unlike the <u>Gaudin</u> decision, which involved a mere shifting of fact-finding authority on one element of a criminal charge from the jury to the trial judge, <u>Apprendi</u> precludes a trial judge's unilateral determination of enhancement factors that directly affect the length of time that a defendant may serve in prison.  Prior to <u>Apprendi</u>, a trial judge was at liberty to factor circumstances into his sentencing decision that were not enumerated in the defendant's indictment and not necessarily contested at

trial. Such circumstances could increase a defendant's sentence beyond the statutory maximum, thus depriving the defendant of his essential liberties for a period of time beyond that called for by a jury of the defendant's peers. The <u>Apprendi</u> rule protects the defendant from the potential whims of a sentencing judge and the inclusion of extrajudicial evidence in a sentencing determination. Under <u>Apprendi</u>, a defendant's constitutional right to a jury determination of guilt is extended to all factors that affect the length of the defendant's sentence, not just those essential to a determination of guilt. The Court finds such a rule to be of certain watershed importance to the criminal justice system, and of far more import than the rule announced in <u>Gaudin</u>. Accordingly, the Court finds that the <u>Apprendi</u> decision falls under the "watershed rule" exception of <u>Teague</u>, and is not precluded from collateral application in initial § 2255 proceedings.[11]

---

The <u>Apprendi</u> rule, however, is precluded from collateral application in successive § 2255 petitions and in petitions not otherwise satisfying § 2255 statute of limitation requirements, as retroactive application in those instances, under the statute, requires the Supreme Court to make the rule available for collateral application. 28 U.S.C. § 2255; <u>see, e.g.</u>, <u>In re Joshua</u>, 224 F.3d 1281, 1282 (11th Cir. 2000) (declining to make <u>Apprendi</u> retroactively available). The Supreme Court has yet to make the rule retroactively available.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to raise issues and assert facts sufficient to warrant a new trial or sentencing hearing under § 2255. Accordingly, the Court recommends that the present motion be DENIED.

**SO REPORTED AND RECOMMENDED** this $5^{7R}$ day of January, 2001.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

28

# United States District Court
## *Southern District of Georgia*

Keith G. Coleman _____ )

vs                                )          CASE        CV400-54 _____

United States of America _____ )          DIVISION    SAVANNAH _____

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.  Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.  That the aforementioned enveloped contained a copy of the document dated January 5, 2001 _____, which is part of the official record of this case.

Date of Mailing:          January 5, 2001 _____

Date of Certificate       ☐ same date,      or  _____

                          Henry R. Crumley, Jr., Clerk


                          By: _____
                              Deputy Clerk

Name and Address

Keith G Coleman, Federal Correctional Complex, 09587-021, P O Box 26030, Beaumont, TX 77720-6030
Carlton R Bourne, Jr , Esq , U S. Attorney's Office, P O. Box 8970, Savannah, GA 31412-8999


☒ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate