# ORIGINAL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION



| | | |
|---|---|---|
| **KEITH G. COLEMAN** | ) | CV400-54 |
| | ) | **underlying CR497-181** |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

### GOVERNMENT'S RESPONSE TO COLEMAN'S MOTION TO "CLARIFY" ISSUES

Comes now the United States of America, by and through Harry D. Dixon, Jr., United States Attorney for the Southern District of Georgia, and responds to Keith Coleman's motion to "clarify" the issues[1] presented in his 28 U.S.C. § 2255 motion. The government has previously responded to all Coleman's claims, and no evidentiary hearing is required in this case.

The government has filed five responsive pleadings in this case, dated March 30, 2000 (document no. 3 on CV400-54 docket sheet); May 22, 2000 (document no.

---

[1] The government is not sure what relief Coleman seeks in his motion to clarify issues. If he seeks to "rephrase" issues that were previously litigated adversely to him on direct appeal in a more favorable light in an attempt to persuade the Court to revisit these issues on collateral attack, he is foreclosed from doing so by United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). In that case, the Eleventh Circuit stated that a defendant is not entitled to collateral relief based upon a claim that was raised and rejected on direct appeal, and subsequently "re-characterized" in a § 2255 motion.

6, CV400-54); September 11, 2000 (document no. 9, CV400-54); November 8, 2000 (document no. 14, CV400-54); November 28, 2000 (document no. 15, CV400-54); and November 29, 2000 (document no. 17, CV400-54).

| "Clarified" Issue No. | Brief Description | Answered in Doc. No. |
|---|---|---|
| 1, 2, 3, 7 | defects in indictment | 3, 6 |
| 4 | double jeopardy/ duplicity | 6 |
| 5 | defendant cannot conspire with or aid and abet government agent | 3 |
| 6 | inapplicability of Sentencing Guidelines | 3, 14 |
| 8, 14 | jurisdiction | 3 |
| 9, 10 | erroneous jury charges | 9, 14, 15 |
| 11, 12 | Apprendi | 9, 14, 15 |
| 13 | government's alleged "outrageous misconduct" | 3 |
| 15 | ineffective assistance of counsel | 3, 14 |

The petitioner has the burden of establishing the need for an evidentiary hearing. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984)(en banc). The threshold test for determining whether petitioner has met this burden is "whether the petitioner's allegations, if proved, would establish the right to" habeas relief. Birt, 725 F.2d at 591; Futch v. Dugger, 874 F.2d 1483 (11th Cir. 1989). In many cases, no hearing is necessary. See, e.g., United States v. Laetividal-Gonzalez, 939 F.2d 1455,

2

1465 (11th Cir. 1991). A hearing is not required when the files and record of the case make manifest the lack of merit of a section 2255 claim. United States v. Lagrone, 727 F.2d 1037 (11th Cir. 1984). Nor is a hearing required on barred claims, or claims that are patently frivolous. McClesky v. Zant, 499 U.S. 467, 494 (1991); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989). When the issues raised are purely legal, no evidentiary hearing is required. Forrester v. United States, 456 F.2d 905, 907 (5th Cir. 1972). An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet both prongs of Strickland v. Washington, 466 U.S. 668 (1984). Laetividal-Gonzalez, 939 F.2d at 1465.

WHEREFORE, the government respectfully requests that this Court issue an Order denying Coleman's motion to clarify issues, denying Coleman's § 2255 motion, and for such other relief the Court deems appropriate in this case.

Respectfully submitted,

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

3

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing government's response to Keith Coleman's motion to clarify issues has been mailed to:

Keith G. Coleman, Reg. No. 09587-021
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720-6030

This 8th day of January, 2001.

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401