ORIGINAL



UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH, DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> KEITH G. COLEMAN ) <br> Defendant ) | Case No. CV 400-054 <br> CR 497-181-01 |

MOTION TO INCORPORATE

FEDERAL RULES OF CRIMINAL PROCEDURE 12(b)(2)

" DISMISSAL OF INDICTMENT "

Comes now the Petitioner/Movant pro se and informa pauperis in the above entitled action, requesting this Honorable Court to grant Petitioner leave to file **Fed. R. Crim. Proc. 12(b)(2)** motion, requesting this District Court to dismiss Petitioner's indictment as a matter of law, for failure to state an offense. Petitioner further prays this Honorable Court construe pro se legal legal analysis liberally, pursuant to **Haines v. Kerner**, 404 US 519.

Petitioner was convicted in the United States District Court for the Southern District of Georgia, Savannah, Division; on a nine count indictment(tendered), specifically counts One, Two, Three, Four, Five, Six, Seven and Nine. Although there are nine counts, notably, there are only " **two** " different charges, as indicated on the record of the grand jury minutes, and announced by the government's lawyer. Namely Title 21 U.S.C. 846 " Conspiracy " and Title 21 U.S.C. 846 " Attempt " (absent any other statute cited by the grand jury).( See attached grand jury transcript pp.(3) line 19-25 and pp. (4) line 1-4).

Consequently, Title 18 U.S.C. 2 and Title 21 U.S.C. 841(a)(1) were impermissably tacked on to the indictment, absent a finding by the grand jury, or the government announcing either offense to the grand jury, or tracking the proper statutory elements.

Importantly, because the defendant's counsel did not assert his challenge to the sufficiency of his indictment until after his conviction, and did not contend that the Petitioner had no notice or that the indictment failed to state an offense under Title 21 U.S.C. 841(a)(1) and (b)(1)(a) and (b)(1)(b) and Title 18 U.S.C. 2, the issue of ineffective assistance of counsel was raised on a distinct motion; (see **Fed. R. Civil Proc. 59(e)**).

Distinctively, **Fed. R. Crim. Proc. 12(b)(2)** motion is a judicial remedy of challenging the failure of an indictment to state an offense, a fatal defect, and jurisdictional challenge to the convicting court that may be raised at any time. As explicitly stated in **Rule 12(b)(2)** in pertinent part;

> " Defense and objections based on defects in the indictment or information(other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)."

Thus, the pre-trial application to **Rule 12(b)(2)** does not prevent the challenges of the court's jurisdiction or failure of the indictment to state an offense.

2

See **United States v. Haga**, 821 F2d 1036(5th Cir. 1987), **United States v. Adesida** 129 F3d 846, 850(6th Cir. 1998) cert. denied, 118 S.CT. 1688, **United States v. Gama-Bastidas**, 222 F3d 779(10th Cir. 2000)( Fed. Rule Civil Proc. 12(b)(2)), **United States v. Osiemi**, 980 F2d 344, 345( holding; failure to charge an offense challenges the jurisdiction of convicting court) see also **United States v. Bell**, 22 F3d 274, 275(11th Cir. 1994).

Clearly, Petitioner's claim is one that can be raised at any time, during the pendency of the proceedings, (see Title 28 U.S.C. 2255 now pending). Yet, because this claim of defective indictment is functionally and clearly analytically independant of **Rule 59(e) or Title 28 U.S.C. 2255 motion**, the court's general review of this claim is independant of any other, and cannot be reviewed under the scope of " plain-error," see **Gama-Bastidas supra**.[1]

Petitioner respectfully moves this Honorable Court for dismissal of indictment under **Rule (12)(b)(2) motion**. For the indictment of which the Petitioner stands convicted fails to set forth the essential elements of **Title 18 U.S.C. 2** and likewise the grand jury failed to cite any violations of **Title 21 U.S.C. 841(a)(1) or (b)(1)(a) and (b)(1)(b)**, the indictment likewise failed to set forth the proper statutory construction of **Title 21 U.S.C. 841**.[2]

First, Petitioner contends his indictment simply tacks on **Title 18 U.S.C. 2**

---

[1] The plain error review applies only to " errors " that were forfeited because not timely raised in the district court. **United States v. Olano**, 507 U.S. 725, 731, 113 S.CT. 1770(1993). To this extent, this court should reason with the Fifth Circuit's holding; " the application of plain error standard is inappropriate when the aggrieved party may object to the error at any time," see **United States v. Fitzgerald** 89 F3d 218, 221 n. 1 (5th Cir. 1996)

[2] Statutory construction focuses not " on speculation as to the internal thought processess " but on the text, the structure, and the effect of the statutory language, **Carter v. United States, 530 U.S. at 271**. The focus on the text, structure, and effect of the statutory language cited by the grand jury and clearly stated in the caption of the indictment, as well as whether the effect is constitutional, requires this Court as a matter of statutory construction and law to dismiss this indictment, for failure to state an offense.

without stating the specific language as required, that is;

> (a) Whoever commits an offense against the United States or aids, abets, counsel, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Notably, the caption and body of the indictment language clearly charges **Title 18 U.S.C. 2** in each count, as the basis for the conviction, as well as the theory of which the government's case rest upon, as argued by the government's lawyer, as well as the charges by which the Petitioner was arrested. (see attached copy of the government's warrant).

However, where the elements of willfulness are not alleged in **Title 18 U.S.C. 2** in the indictment, the indictment is rendered constitutionally defective, as in the instant case, see **United States v. Kurka**, 818 F2d 1427, 1431(9th Cir. 1987)..It is not amenable to harmless error review, see **United States v. Spruil**, 118 F3d 221, 227(4th Cir. 1997), see also **United States v. Brown**, 995 F2d 1493 (10th Cir. 1993).

The failure of an indictment to charge every essential element of an offense is a serious constitutional violation, see **United States v. Cabrera Terran**, 168 F3d 141, 143(5th Cir. 1999) and **United States v. Morales-Rosales**, 838 F2d 1359, 1361-62(5th Cir. 1988).

Aiding and Abetting are the elements of **18 U.S.C. 2** and must be pled specifically. In the **United States v. Dubu** 186 F3d 1177 (9th Cir. 1999), the indictment failed to recite an essential element of the offense. The **Dubu** court held that this was not a minor technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the entire indictment.

The Supreme Court in **Neder v. United States**, 119 S.CT. 1827, established

materiality as an essential element of mail fraud requiring that the specifics of mail fraud be pled accordingly in an indictment. And like **Neder** and **Dubu**, the charging instrument fails to state the essential elements of **Title 18 U.S.C. 2**, thus the indictment must be dismissed.

Next, **Title 21 U.S.C. 841(a)(1)** was tacked on to the charging instrument, and clearly inconsistent with the charges announced by the government's lawyer and stated by the grand jury.

Specifically, the grand jury announced " the first charge is;

> " conversation " 21 U.S.C. 846 and that is Conspiracy to aid and abet the distribution of cocaine, and the remaining counts are all 21 U.S.C. 846 Attempt to aid and abet the distribution of cocaine(see also Caption of indictment, and Pre-Sentence Report " Charges and Convictions "pp. 4 Part A.)

Contrary and inconsistent to the above stated charges by the government's lawyer and the grand jury, the body of the indictment states violations of **Title 21 U.S.C 841(a)(1)** a statute never even presented to the grand jury, thus meant the grand jury never considered it, **Russells, 369 U.S. at 771**, despite even the appearance of the statutory citation in each count of the indictment, **United States v. Zangger, 848 F2d 923**, thus this statute must fail under **Stirone, 361 U.S. 212(1960)**.

In sum, the grand jury charged " only " two different offenses, that is; **Conspiracy §846** and **Attempt §846**. Consequently, the contexture of the statutory offenses named by the grand jury does not state an offense against the United States,(see grand jury Transcipts and minutes, pp.3 line 19-25 and pp.4 line 1-4), see also **United States v. Meachum,626 F2d 503 (5th Cir. 1980)(holding Conspiracy to Attempt, does not state an offense)(dismissed indictment)**.

Finally, the Petitioner asserts, that he was not put on notice of the essential elements of §841, such as drug quantity and or any notice of violations of (b)(1)(a) or (b)(1)(b)subsections, see **Apprendi v. New Jersey, 530 U.S. 466(2000)**.

5

## RELIEF SOUGHT

**Wherefore,** the foregoing reasons stated, Petitioner respectfully request this Honorable Court to dismiss the indictment against him, as a matter of law, for failure to state an offense and constructive amending of the same, a jurisdictional defect and structural error that requires dismissal of the indictment.

22 Aug 2001
DATE

RESPECTFULLY SUBMITTED,

KEITH G. COLEMAN 09587-021
P.O. BOX 26030
BEAUMONT, TEXAS 77720-6030

CC.

# CERTIFICATE OF SERVICE

I, __KEITH G. COLEMAN__, hereby certify that I have served a true and correct copy of the following: __Fed. Rules Crim. Proc. 12(b)(2) Motion__

which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

(3) Copies  
UNITED STATES DISTRICT  
SOUTHERN DISTRICT OF GEORGIA  
SAVANNAH, DIVISION  
P.O. BOX 8286  
SAVANNAH, GEORGIA 31412

(1) Copy  
U.S. DEPT. OF JUSTICE  
U.S. ATTORNEY'S OFC.  
SOUTHERN DISTRICT OF GEORGIA  
SAVANNAH, DIVISION  
P.O. BOX 8970  
SAVANNAH, GEORGIA 31412

and deposited same in the United States Postal Mail at the United States Penitentiary, Beaumont, Texas, on this __22nd__ day of __August__ 2001.

__KEITH G. COLEMAN 09587-021__
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas 77720-6030

E-X-H-B-I-T-S

(A)

GRAND JURY TRANSCRIPTS

PAGE 3 LINE 19-25

PAGE 4 LINE 1-4

( INDICATING THE OFFENSE CHARGED )

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE:                        )
                              )
BROKEN OATH                   )
                              )

Proceedings of the Federal Grand Jury, Southern District of Georgia, on the 9th and 10th days of September, 1997. Reported by Laurie Parker Axtell, C.C.R., Georgia, B-1252.

APPEARANCES:

      For the United States:    CARLTON R. BOURNE, JR.
                                            KATHRYN M. ALDRIDGE
                                            Asst. U.S. Attorneys
                                            U.S. District Court
                                            Savannah, Georgia

                                            HARRY D. DIXON, JR.
                                            United States Attorney
                                            U.S. District Court
                                            Savannah, Georgia

Proceedings recorded by stenomask; transcript produced from dictation.

DRAKE REPORTING, P.C.
P.O. BOX 30574
SAVANNAH, GEORGIA 31410
912/897-3936
FAX 912/897-3778

000558

```
 1          MS. ALDRIDGE: Ladies and gentlemen, I'm
 2   Kathy Aldridge. I'm an Assistant United States
 3   Attorney. This is Mr. Charlie Bourne. We have a case
 4   to introduce you to this morning and start presenting
 5   some evidence on.
 6          This is Mr. Harry D. Dixon, Jr. He is the United
 7   States Attorney for the Southern District of Georgia.
 8   And Mr. Steve Crum is a special agent with the Federal
 9   Bureau of Investigation, who was the co-case agent,
10   along with Robert McAllister, on this case.
11          We have Mr. Crum here this morning to outline the
12   case and present evidence to you.
13          MR. BOURNE: Sir, would you please be sworn.
14   Stand and raise your right hand.
15          FOREMAN: Do you solemnly swear that the
16   testimony that you give concerning any and all matters
17   before this grand jury shall be the truth, the whole
18   truth, and nothing but the truth, so help you, God?
19          MR. CRUM: Yes, sir. I do.
20          FOREMAN: Have a seat.
21          (NOTE: Knock at door. Door open.)
22   STEVEN CRUM, FEDERAL BUREAU OF INVESTIGATION, SWORN
23                        EXAMINATION
24   BY MS. ALDRIDGE:
25       Q    Would you state your full name and
```

```
1        FOREMAN:  We don't need to ask any more
2   questions.  We've got --
3        MS. ALDRIDGE:  We have another indictment
4   present.
5        FOREMAN:  You're going to present it now?
6        MR. BOURNE:  Yes, sir.
7        MS. ALDRIDGE:  We have two more that we nee
8   to present.
9        FOREMAN:  Hey, you know what time it is?
10       MR. BOURNE:  Yes, sir.  We have already giv
11  you the instructions on the law, so we're just going
12  go over the indictments.
13       MS. ALDRIDGE:  See if there are any
14  questions.
15       MR. BOURNE:  Present them to you and you ca
16  refer to your same recollection on the law.
17       FOREMAN:  Okay.
18       MR. BOURNE:  Then we will be done.  (Pause)
19  This is an indictment charging United States versus
20  Keith Coleman, Fred Gorham, Keith London, Damion
21  Welcome, and Eugene Johnson.  I'll present the origin
22  to you, Mr. Foreman.
23       It is in nine counts.  (Tendered)  Members of th
24  grand jury, there are nine counts, but there are only
25  two different charges.  The first charge is
```

1   conversation, 21 U.S.C. 846, and that is conspiracy
2   aid and abet the distribution of cocaine. And the
3   other remaining counts are all 21 U.S.C. 846, attemp
4   to aid and abet the distribution of cocaine.
5       There are also -- I apologize. There is one mor
6   charge for two defendants, carrying a firearm during
7   drug trafficking crime, 924(c). You have already bee
8   instructed on that as well. I will be glad and revie
9   the law for you if you ask for me to.
10      **STEVEN CRUM, FEDERAL BUREAU OF INVESTIGATION,**
11                    **PREVIOUSLY SWORN**
12                    **EXAMINATION**
13  **BY MR. BOURNE:**
14      Q   Agent Crum, if you would just go through th
15  indictment and give them an overview as to Count One,
16  Count Two, Count Three, Count Four, all the way thoug
17  I'll let you do this.
18      A   Count One, the defendants, Keith Coleman,
19  Frederick Gorham, Keith London, Eugene Johnson, and
20  Damion Welcome, did all receive payments in money
21  either from a criminal informant or from an undercove
22  agent for use or for assisting the trafficking of
23  cocaine, as police officers, either at the Savannah
24  Police Department or the Chatham County Sheriff's
25  Office.

00693
USA SDGA