ORIGINAL

FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| KEITH G. COLEMAN | ) | CV400-54 |
|---|---|---|
|  | ) | underlying CR497-181 |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |

### GOVERNMENT'S RESPONSE TO COLEMAN'S APPLICATION FOR CERTIFICATE OF APPEALABILITY

Comes now the United States of America, by and through Richard S. Thompson, United States Attorney for the Southern District of Georgia, and at the direction of the Court responds to Keith Coleman's application for a certificate of appealability ("COA"). For the following reasons, the Court should deny Coleman's COA request.

**1. Ineffective Assistance**

Citing various instances of alleged ineffective assistance of counsel, Coleman seeks a COA. In Slack v. McDaniel, 529 U.S. 473, 478 (2000), the Supreme Court held that, in a section 2254 or 2255 proceeding, when a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after April 24, 1996 (the effective date of the AEDPA), the right to appeal is governed by the certificate of appealability requirements now found at 28 U.S.C. § 2253(c). In Slack,

the Supreme Court clearly laid out the tests that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds.

"Where a district court has rejected the constitutional claims on the merits, ... [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir.2000)(quoting Slack, 529 U.S. at 483), cert. denied, 532 U.S. 1009 (2001).

In his COA application, Coleman again asserts that retained counsel Joyce Griggs' representation of him was compromised by the Court's denial of a trial continuance, which he claims would have allowed counsel adequate time to research and prepare for trial. Coleman unsuccessfully raised the continuance issue on direct appeal. Further, the record reflects that Coleman had two lawyers prior to Ms. Griggs. At the time Coleman sought to discharge attorney Sage Brown and hire Ms. Griggs, the Court informed Coleman that no continuance would be granted with

2

respect to the trial date. With this knowledge, Coleman proceeded to discharge Mr. Brown and hire Ms. Griggs.

Moreover, Chief Judge Bowen's May 9, 2001, order in Griggs' disciplinary proceedings (In re: Joyce M. Griggs, Misc. No. 401-019) involved her representation of clients in civil and bankruptcy matters. Griggs' representation of criminal defendants was not impugned. Coleman raises no ground that would qualify him for appointed counsel on appeal, nor can he articulate any complaint against Ms. Griggs that rises to the level of a violation of Strickland v. Washington, 466 U.S. 668 (1984). The government recognizes no articulable deficient performance by Ms. Griggs at trial, nor can Coleman point to any.

In sum, Coleman previously hired two attorneys before Ms. Griggs. When he sought to release Sage Brown and hire Ms. Griggs, he was informed by the Court that no further delays in trial would be granted. As stated above, Coleman unsuccessfully raised the continuance issue on direct appeal. Coleman complains of a situation he himself created by his dismissal of two previous attorneys.

With regard to Coleman's claims that Ms. Griggs failed to raise issues on direct appeal, counsel is not ineffective under the Strickland standard for failing to raise meritless issues on appeal. Chandler v. Moore, 240 F.3d 907, 917 (11th Cir.), cert. denied, 122 U.S. 649 (2001); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones,

3

864 F.2d 108, 110 (11th Cir. 1989)

### 2. Apprendi

With regard to Coleman's Apprendi v. New Jersey, 530 U.S. 466 (2000), claims, the Eleventh Circuit has held that the new constitutional rule of criminal procedure announced in Apprendi does not apply retroactively to cases on collateral review. McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); see also Hamm v. United States, 269 F.3d 1247, 1249 (11th Cir. 2001)(Apprendi claims Teague-barred without regard to merits of underlying claim). Thus, Coleman is not entitled to a COA on his Apprendi-based claims.

Further, Coleman's assertion that his counsel was ineffective for failing to raise Apprendi-type issues pursuant to Jones v. United States, 526 U.S. 227 (1999), is unavailing. Eleventh Circuit decisional caselaw completely forecloses the contention that an attorney's failure to anticipate the Apprendi decision constitutes ineffective assistance. United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001)(concurring opinion).

WHEREFORE, the government respectfully requests that this Court deny Coleman's COA application.

                                            Respectfully submitted,

                                            RICHARD S. THOMPSON
                                            UNITED STATES ATTORNEY

                                            Carlton R. Bourne, Jr.
                                            Assistant United States Attorney
                                            SC Bar No. 007868

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing government's response to Keith Coleman's COA application has been mailed to:

Keith G. Coleman, Reg. No. 09598-021
United States Penitentiary
Post Office Box 26030
Beaumont, Texas  77720-6030

This ___4th___ day of February, 2002.

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

_Carlton R. Bourne_
Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401