# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2002 OCT -4  PM 4: 15

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| **KEITH G. COLEMAN** ) | CV400-54 |
| ) | **underlying CR497-181** |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |

## GOVERNMENT'S RESPONSE TO COLEMAN'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Comes now the United States of America, by and through Richard S. Thompson, United States Attorney for the Southern District of Georgia, and responds to Keith Coleman's motion to dismiss for lack of jurisdiction.[1] Coleman urges the Court to dismiss his case based on his claim that the federal government lacked jurisdiction.

---

[1] Coleman invokes Fed. R. Crim. P. 12(b) and argues that a jurisdictional claim can be brought at any time. [Mot at 11] However, Rule 12(b) states that motions challenging defective indictments must be raised prior to trial. Fed. R. Crim. P. 12(b). While jurisdictional challenges may be "noticed by the court at any time during the pendency of the proceedings," Fed. R. Crim. P. 12(b)(2), Coleman's section 2255 proceedings concluded when the Court denied him relief on November 6, 2001. [Doc 54] The court of appeals declined to issue Coleman a certificate of appealability from the Court's denial of his section 2255 motion. [Doc 61]

Coleman has not obtained authorization from the court of appeals to file a successive 28 U.S.C. §2255 motion. [See 28 U.S.C. §2255 ¶8]

63

At the outset, the government notes that Coleman has previously presented this argument, both to the Eleventh Circuit Court of Appeals on direct appeal and to this Court during the pendency of his 28 U.S.C. §2255 litigation. [See Doc 3 at 4-5; Doc 20 at 5-6 (noting that "it appears that the Eleventh Circuit has already addressed the subject-matter jurisdiction question and rejected [Coleman's] position," and finding that "[t]his Court lacks authority to disturb the appellate court's ruling.")] This being the case, the Court correctly ruled that, absent extraordinary circumstances, it was precluded from considering claims in a section 2255 motion which were raised and rejected on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000), cert. denied, 531 U.S. 1131 (2001).

Moreover, there was no error because this Court had jurisdiction over Coleman's case. Because Coleman committed a federal crime, the government properly prosecuted him and this Court properly sentenced him according to the guidelines. See generally 18 U.S.C. §3231 (conferring original jurisdiction on district courts of the United States of all offenses against the laws of the United States).

Coleman's "territorial jurisdiction" argument is equally unavailing. Coleman theorizes that "because he was not arrested in any fort, magazine, arsenal, 'needful building,' or other federal enclave," the government lacked territorial jurisdiction over the geographical area in which Coleman's crimes occurred, in Savannah, Georgia. [Mot at 2] However, at trial, the government demonstrated that the crimes

2

occurred in the Southern District of Georgia. [See Doc 3 at 5; Sent Tr at 9-18 (summarizing evidence at trial)] By showing by a preponderance of the evidence that the crime was committed in the Southern District of Georgia, the government established territorial jurisdiction. See United States v. London, 714 F.2d 1558, 1564 (11th Cir. 1983). Because Chatham County indisputably is in this district, the Court had territorial jurisdiction over federal crimes occurring there, including the federal crimes committed by Coleman.

Finally, Coleman argues that the Court lacked jurisdiction over his case because of the lack of effect on interstate commerce of his offenses of conviction. [Mot at 4] However, "'[t]he Tenth Amendment does not operate upon the valid exercise of powers delegated to Congress by the Commerce Clause.'" United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993)(cits. omitted)(upholding prosecution of Owens on Tenth Amendment grounds despite fact that 21 U.S.C. §§841, 846 and 18 U.S.C. §924(c) contain no interstate commerce nexus). Thus, no Tenth Amendment violation occurs where the passage of a federal criminal statute is a valid exercise of Congress' power. Id. Congress properly passed these statutes, and Coleman properly was convicted for violating them.

3

WHEREFORE, the government respectfully requests that the Court deny Coleman's motion to dismiss for lack of jurisdiction.

Respectfully submitted,

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

*/s/ Carlton R. Bourne*

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing government's response to Keith Coleman's motion to dismiss for lack of jurisdiction has been mailed to:

Keith G. Coleman, Reg. No. 09587-021
United States Penitentiary
Post Office Box 26030
Beaumont, Texas  77720-6030

This ___4th___ day of October, 2002.

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

*Carlton R. Bourne*

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401