FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

'06 JAN 17 PM 4:11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | CR497-181 |
|---|---|---|
| | ) | CV 400-054 |
| v. | ) | (previous §2255) |
| | ) | |
| KEITH G. COLEMAN | ) | |

### GOVERNMENT'S RESPONSE TO COLEMAN'S MOTION
### FOR LEAVE TO PRESERVE BOOKER-RELATED ISSUES

COMES NOW the United States of America, by and through Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, and responds to Keith G. Coleman's "motion for leave to preserve Booker related issues."[1] Coleman states that he wishes to preserve his right to challenge his sentence in his criminal case should the Supreme Court make Booker retroactively applicable to cases on collateral review. [Mot at 1]

However, to date, neither the Supreme Court nor the Eleventh Circuit has made Booker retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, ___ U.S. ___, 126 S. Ct. 312 (2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

---

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

Coleman additionally appends a 28 U.S.C. §2255 motion to his motion for leave to preserve his Booker claims. [See Mot at attachments] However, Coleman has already litigated a prior section 2255 motion (CV400-054). To prosecute a successive §2255 motion, Coleman must first follow this statutorily mandated procedure:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. §2244(b)(3)(A); see 28 U.S.C. §2255 ¶8 (cross-referencing §2244's certification requirements).

Because this provision represents "an allocation of subject-matter jurisdiction to the court of appeals[,] [a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); accord Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)(finding that district court lacked jurisdiction to consider "functional equivalent" to a second §2254 motion); In re Medina, 109 F.3d 1556 (11th Cir. 1997)(upholding denial of successive §2254 motion for failure to obtain certification from appellate court).

Because Coleman has not obtained the permission of the Eleventh Circuit to file a successive §2255 motion, the Court should dismiss his instant §2255 motion.

WHEREFORE, the government respectfully requests that his Court deny Coleman's motion for leave to preserve Booker-related issues, and dismiss his successive §2255 motion.

Respectfully submitted,

LISA GODBEY WOOD
UNITED STATES ATTORNEY

Amy Lee Copeland
Assistant United States Attorney
Georgia Bar No. 186730

## CERTIFICATE OF SERVICE

The government certifies that a copy of the foregoing government's response to petitioner's motion for leave to preserve <u>Booker</u> related issues has been mailed to the following:

Keith G. Coleman, Reg. No. 09587-021
U. S. Penitentiary
PO Box 1033
Coleman, FL  33521-1033

This ___17___ day of January, 2006.

                                        LISA GODBEY WOOD
                                        UNITED STATES ATTORNEY

                                        Amy Lee Copeland
                                        Assistant United States Attorney
                                        Georgia Bar No. 186730

United States Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422